UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   1:06-cv-0037-DFH-TAB |
| | ) |
| NORTHEAST OTOLARYNGOLOGY, P.C., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

**I.    Introduction.**

Plaintiff Robin Anderson is a former employee of Defendant Northeast Otolaryngology, P.C. ("NEO"). Anderson contends that in May 2003 NEO orally promised to promote her to the position of office manager and to increase her pay from $15 to $18 per hour beginning in September 2003. Anderson claims she accepted the offer and the promotion but NEO never increased her pay to $18 per hour. In January 2006, Anderson filed suit against NEO asserting, among other claims, that NEO's failure to increase her pay to $18 per hour constituted a breach of an oral agreement.

In response, NEO pointed out that Indiana law provides for a two-year statute of limitations for claims of an oral contact, and that therefore Anderson's claim that NEO breached her oral contract was untimely. Anderson then amended her complaint and dropped the claim for breach of an oral contract.[1] The amended complaint contends only that NEO violated the Indiana wage statute and the Fair Labor Standards Act ("FLSA") by failing to pay her wages and

---

[1] The amended complaint also dropped a claim under the Employee Retirement Income Security Act, and claims for unjust enrichment and promissory estoppel. [Docket No. 14.]

overtime using a base rate of $18 per hour.  NEO contends that since Anderson cannot assert a claim for breach of an oral contract, she likewise cannot assert Indiana wage statute and FLSA claims that are predicated upon the existence of that oral contract.  [Docket No. 21.]  Anderson opposes NEO's motion to dismiss.  [Docket No. 23.]  For the reasons set forth below, the Magistrate Judge recommends that NEO's motion to dismiss be denied.

**II.    Discussion.**

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint."  *Cler v. Illinois Educ. Ass'n.*, 423 F.3d 726, 728 (7th Cir. 2005).  "Plaintiffs need not plead facts; they need not plead law; they plead claims for relief."  *Doe v. Smith*, 429 F.3d 706, 707 (7th Cir. 2005).  This means that "dismissal under Rule 12(b)(6) is only appropriate when there is no possible interpretation of the complaint under which it can state a claim."  *Flannery v. Recording Industry Ass'n. of America*, 354 F. 3d 632, 637 (7th Cir. 2004).

NEO challenges the sufficiency of Anderson's amended complaint, arguing that her claims are predicated on an alleged oral contract for increased salary for which the statute of limitations expired before she filed her original complaint.  According to NEO, Anderson "has attempted to circumvent" and make an end-run around the statute of limitations for her original breach of contract claim by focusing on the Indiana wage and FLSA claims.  [Docket Nos. 22, 25.]  Anderson responds that although she abandoned[2] an alternate theory -- for breach of contract -- this was not done to the exclusion of her remaining theories of recovery.  She contends that her remaining FLSA and Indiana wage claims are timely.  [Docket No. 23, p. 4.]  The Court agrees that Anderson has stated timely claims for relief.  Thus, her amended

---

[2] She presumably concedes that this claim is time-barred.

complaint is not subject to dismissal on this basis.

In Indiana, claims for unpaid wages or salary must be brought "within two (2) years of the date of the act or omission complained of." Ind. Code § 34-11-2-1.  Under the FLSA, claims for overtime compensation can be brought within two years or, in the case of a willful violation, three years of the violation.  29 U.S.C. § 255(a).  Under either provision in cases such as this, each pay period triggers a separate cause of action.  *Knight v. Columbus*, *Georgia*, 19 F.3d 579, 581 (11th Cir. 1994); *Parker v. Schilli Transp.*, 686 N.E.2d 845, 849 (Ind. Ct. App. 1997).  Contrary to NEO's assertions, this is so even where the terms of compensation were allegedly set outside the limitations period.  *Knight*, 19 F.3d at 581-82.

If Anderson can prove the existence of an oral contract for a higher rate of pay, a separate wage and overtime compensation violation occurs each time she is paid less than the agreed amount.  That some of the essential elements of Anderson's Indiana wage and FLSA claims necessarily overlap with a time-barred breach of contract claim does not divest her of her right to advance those timely claims.  NEO's cited authority does not compel a different result.  Moreover, this result is consistent with public policy favoring prompt payment of wages owed to employees.  *E & L Rental Equipment, Inc. v. Bresland*, 782 N.E.2d 1068, 1071 (Ind. Ct. App. 2003).  Thus, NEO's motion to dismiss should be denied.

Yet it bears noting that the applicable statute of limitations for Anderson's claims does circumscribe her recovery to those offending pay periods that fall within those limitation periods.  Anderson filed her Indiana wage and FLSA overtime compensation causes of action on January 10, 2006.  [Docket No. 1.]  She alleges that from September 2003 until her termination on November 10, 2004, NEO paid her less than it agreed to pay her and that during that time she

earned overtime compensation that was not calculated at the agreed rate of pay. [Docket Nos. 1, 14.] Anderson further alleges that NEO's actions were "willful and in reckless disregard of [her] rights. . . ." [*Id.*] Thus, Anderson states timely claims for any unpaid wages under state law and for ordinary overtime compensation in violation of the FLSA occurring within two years of her filing date or for willful FLSA violations occurring within three years of her filing date.[3]

The Court does not understand Anderson to seriously argue that claims beyond these periods are timely. To the extent that Anderson might actually contend otherwise, such contentions would be properly dismissed. As no such contentions are before the Court by way of the pending motion to dismiss, further elaboration of this point is unnecessary. As for the claims that are challenged in the pending motion, dismissal is not warranted.

**III.   Conclusion.**

For the reasons stated above, the Magistrate Judge recommends that NEO's motion to dismiss [Docket No. 21] be denied. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within the ten days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:   08/10/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[3] Stated in the alternative, only those Indiana wage claims and FLSA claims that concern pay periods falling prior to January 10, 2004 and only those willful FLSA claims that involve pay periods falling prior to January 10, 2003 are time-barred.

Copies to:

Andrew W. Gruber
BINGHAM MCHALE LLP
agruber@binghammchale.com

John H. Haskin
HASKIN LAUTER LARUE & GIBBONS
jhaskin@hlllaw.com

Jeffery M. Mallamad
BINGHAM MCHALE
jmallamad@binghammchale.com

Bradley L. Wilson
HASKIN LAUTER LARUE & GIBBONS
bwilson@hlllaw.com