UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:06-cv-0037-DFH-TAB |
| ) | |
| NORTHEAST OTOLARYNGOLOGY, P.C., ) | |
| ) | |
| Defendant. ) | |

ENTRY ON OBJECTION TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND ORDER TO SHOW CAUSE

Magistrate Judge Tim A. Baker has recommended that the court deny defendant's motion for judgment on the pleadings and to dismiss the amended complaint with prejudice for failure to state a claim upon which relief can be granted. Defendant has objected. As explained below, the court overrules the objection to Judge Baker's report and recommendation on the statute of limitation issues squarely presented by the motion for judgment on the pleadings. However, the court also orders plaintiff to show cause why the court should not enter summary judgment for defendant on the merits.

For purposes of the statute of limitation issues, it makes most sense to focus only on the allegations of the amended complaint. In deciding the motion for judgment on the pleadings under Rule 12(c), the court treats as true the relevant allegations, which are very simple. Defendant Northeast Otolaryngology,

P.C. ("NEO") hired plaintiff Robin Anderson as a secretary in May 2001. In May 2003, NEO offered to promote Anderson to office manager and promised her an immediate raise to $15.00 per hour and a further raise to $18.00 per hour after 90 days. Anderson accepted the position. She alleges that she relied on the promise of a raise. She began working as office manager in June 2003 at the higher rate of $15.00. NEO did not give her the promised raise after 90 days in September 2003, but she continued working. NEO did give her a raise in June 2004 to $17.25 per hour. Her employment with NEO ended in November 2004.

Plaintiff alleges that she worked overtime during multiple pay periods from September 2003 until November 2004. She received overtime pay. She alleges that her overtime pay was based on the pay rate of $15.00 from September 2003 until June 2004 and the higher pay rate of $17.25 from June 2004 until November 2004. She believes she should have been paid overtime based on a rate of $18.00 for the entire period from September 2003 until November 2004.

Anderson's amended complaint seeks relief under the Indiana Wage Claims Statute, Ind. Code § 22-2-9-2 and the federal Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216. Her original complaint had included claims for breach of an oral contract, unjust enrichment, and promissory estoppel, and for violation of her rights under ERISA, 29 U.S.C. § 1001 *et seq.* The amended complaint dropped all theories other than the Indiana Wage Claims Statute and the FLSA.

The original claim for breach of an oral contract was barred by a two-year statute of limitations. NEO's motion for judgment on the pleadings[1] argued that the remaining statutory claims were merely artful attempts to avoid the statute of limitations that barred the contract claim. Magistrate Judge Baker correctly noted that the Indiana claims are subject to a two-year statute of limitations in Indiana Code § 34-11-2-1 and that the FLSA claims are subject to a three-year statute of limitations (if plaintiff can prove her allegations of willful violations). See 29 U.S.C. § 255(a). Under both statutes, each pay period in which a violation occurs gives rise to a separate claim for relief. See *Knight v. City of Columbus*, 19 F.3d 579, 581 (11th Cir. 1994); *Parker v. Schilli Transportation*, 686 N.E.2d 845, 849 (Ind. App. 1997). This is true even where the terms of compensation were allegedly set outside the limitations period.

The sequence of the original complaint and the amended complaint gives rise to some potential confusion because it certainly appears that the amended complaint is an artful attempt to avoid the contract statute of limitations. The fact remains, however, that the FLSA and the Indiana Wage Claim Statute each provide their own independent legal grounds for relief when they are violated. The possible availability of a separate theory under state contract law should not lengthen or shorten the applicable statutory limitations periods enacted by the two

---

[1] NEO labeled its motion as one under Rule 12(b)(6), but NEO had already answered the amended complaint. Its motion is properly considered one for judgment on the pleadings under Rule 12(c), though the applicable legal standard is the same.

legislatures. After all, the FLSA was drafted broadly to ensure that its protections could not be eliminated or waived by contract. See *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739-40 (1981); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945); *Braddock v. Madison County*, 34 F. Supp. 2d 1098, 1100 (S.D. Ind. 1998).

Nevertheless, there is a basic problem in Anderson's case. She does not claim that her compensation fell below the minimum levels required by the FLSA. Nor does she claim that the defendant failed to pay her for her actual overtime work calculated at the rate of one and one-half times the hourly rate she was actually paid for the first 40 hours each week. Her claim is that she was not paid overtime at "one and one-half times the regular rate at which [she] is employed," as required by 29 U.S.C. § 207(a)(1). She interprets the "regular rate" as the rate she alleges she was orally promised when she accepted the job as office manager. Her Indiana claim under Indiana Code § 22-2-9-2 appears to be based on an identical theory.

The court must assume, as Anderson has alleged, that NEO orally promised to give her a raise to $18.00 an hour in September 2003, and that NEO then breached that promise by failing to give her that raise and by continuing to pay her $15.00 per hour for the first 40 hours per week and 1.5 times that rate for hours in excess of 40. But it also seems safe to assume (a) that Anderson knew

the rate at which she was being paid each week, and (b) that Anderson was an employee at will. There is no allegation to the contrary.

If those assumptions are safe, then the case appears to be governed by the reasoning of *Williams v. Jacksonsville Terminal Co.*, 315 U.S. 386 (1942), an FLSA case involving a dispute over the handling of tips for porters ("red caps") at a railroad terminal. Before the FLSA took effect in 1938, the red caps' only compensation had been tips from passengers. The federal government then deemed the red caps to be railroad employees who were entitled to the minimum wage under the FLSA. The problem became whether tips should or should not be counted toward the FLSA's minimum wage requirements. In the face of that dispute, the railroads notified the red caps that they would need to report their tips received and hours worked to the railroads, and that the railroads would pay the red caps in cash the difference between tips actually received and the minimum wage required by the FLSA. The red caps' continued employment was deemed at will. 315 U.S. at 397. The red caps argued that they had a contractual right to keep all the tips and a right under the FLSA to a minimum hourly wage in addition.

The Supreme Court found that the parties' actual practices established the terms of their new contract:

> Although continuously protesting the authority of the railroads to take over the tips, the red caps remained at work subject to the requirement. Such protests were unavailing against the employers. Although the new plan was

>not satisfactory to the red caps, the notice transferred to the railroads' credit so much of the tips as it affected. By continuing to work, a new contract was created.

315 U.S. at 398.

For all that appears from the amended complaint in this case, plaintiff Anderson continued to work for NEO for more than a year after the alleged breach of the oral promise to give her a raise. Even if one assumes a once-enforceable oral promise to pay $18.00 per hour beginning in September 2003, the allegations in the complaint imply a modification of any such contract by conduct: NEO paid her a regular rate of $15.00 and then $17.25 per hour, and she continued to work for those wages.

It is well established in Indiana law that a contract modification may be implied from the conduct of the parties. *E.g., Miami Valley Contractors, Inc. v. Town of Sunman*, 960 F. Supp. 1366, 1372 (S.D. Ind. 1997); *Gilliana v. Paniaguas*, 708 N.E.2d 895, 897 (Ind. App. 1999); *City of Indianapolis v. Twin Lakes Enterprises, Inc.*, 568 N.E.2d 1073, 1084-85 (Ind. App. 1991); *Skweres v. Diamond Craft Co.*, 512 N.E.2d 217, 220-21 (Ind. App. 1987); *Gorbett v. Estelle*, 438 N.E.2d 766, 768 (Ind. App. 1982); *Connersville Country Club v. F.N. Bunzendahl, Inc.*, 222 N.E.2d 417, 427 (Ind. App. 1966). The court recognizes that some cases indicate that questions of modification are ordinarily issues of fact for the trier of fact. *E.g., Gilliana*, 708 N.E.2d at 897. However, the same can be said of many issues that arise in trials. The question is whether a reasonable jury could find

that the parties had not modified the alleged contract to pay Anderson a higher wage than was actually paid.[2]

Under these circumstances, and in light of the directive in Rule 1 of the Federal Rules of Civil Procedure to apply the rules so as to achieve the just, speedy, and inexpensive determination of every action, the court believes the best approach here is to require plaintiff Anderson to show cause why the court should not grant summary judgment in favor of NEO on the ground that her and NEO's conduct from September 2003 through November 2004 establishes beyond reasonable dispute that her regular rate of pay was the rate actually used by NEO to pay her during that period.[3]  She will need to come forward with evidence that would allow a reasonable jury to find in her favor on this issue.

Accordingly, defendant's objection (Docket No. 26) to the Magistrate Judge's report and recommendation is hereby overruled, and the defendant's motion for

---

[2]Indiana law shows that a modification of a contract requires all the requisite elements of a contract, including consideration.  *E.g., Henthorne v. Legacy Healthcare, Inc.*, 764 N.E.2d 751, 759 (Ind. App. 2002); *Twin Lakes Enterprises*, 568 N.E.2d at 1085; *A & S Corp. v. Midwest Commerce Banking Co.*, 525 N.E.2d 1290, 1292-93 (Ind. App. 1988).  However, it is also well established in Indiana law that continued employment at will is sufficient consideration to support a modification of the terms of the parties' contract, such as a covenant not to compete with the employer after employment ends.  *Ackerman v. Kimball International, Inc.*, 652 N.E.2d 507, 509 (Ind. 1995); *Leatherman v. Management Advisors, Inc.*, 448 N.E.2d 1048, 1050 (Ind. 1983); *Barnes Group, Inc. v. O'Brien*, 591 F. Supp. 454, 461 (N.D. Ind. 1984).

[3]"While the words 'regular rate' are not defined in the Act, they obviously mean the hourly rate actually paid for the normal, non-overtime workweek." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944).

judgment on the pleadings (Docket No. 21 ) is hereby denied.  Plaintiff Anderson shall show cause **no later than January 3, 2007** why summary judgment should not be granted for defendant on the ground stated above.  Defendant may then file a response no later than 30 days after plaintiff files her response.

So ordered.

Date: December 1, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Hon. Tim A. Baker
United States Magistrate Judge

Andrew W. Gruber
BINGHAM MCHALE LLP
agruber@binghammchale.com

John H. Haskin
HASKIN LAUTER LARUE & GIBBONS
jhaskin@hlllaw.com

Jeffery M. Mallamad
BINGHAM MCHALE
jmallamad@binghammchale.com

Bradley L. Wilson
HASKIN LAUTER LARUE & GIBBONS
bwilson@hlllaw.com